UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O'NEIL DEPRIEST SWANSON, II
and DIANNE SWANSON,

      Plaintiff,

v.

ROBERT MICHAEL HAYES,
DANA NESSEL, and MICHIGAN
DEPARTMENT OF LICENSING
AND REGULATORY AFFAIRS
(LARA),

      Defendants.

Case No. 2:23-cv-10584

MAGISTRATE JUDGE
ANTHONY P. PATTI

**DEFENDANT LARA'S MOTION
TO DISMISS**

_____

Gregory J. Rohl (P39185)
Attorney for Plaintiffs
Law Offices of Gregory J. Rohl,
P.C.
4051 Haggerty Road
West Bloomfield, MI 48323
(248) 380-9404
greg@rohllaw.com

Mark E. Donnelly (P39281)
Kyla Barranco (P8082)
Attorneys for Defendants
Nessel & Hayes
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
DonnellyM@michigan.gov
BarrancoK@michigan.gov

Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant LARA
MI Dep't of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
HendleyT1@michigan.gov

## DEFENDANT LARA'S MOTION TO DISMISS

For the reasons set forth in the accompanying brief, Defendant Department of Licensing and Regulatory Affairs (LARA), through counsel, respectfully moves this Court for an order dismissing all claims raised in the Complaint against LARA in their entirety and with prejudice under Federal Rules of Civil Procedure 12(b)(1), dismissing LARA from this action, and granting LARA such and further relief as the Court deems just and appropriate.

Pursuant to Local Rule 7.1 and Magistrate Judge Patti's individual rules of practice, the undersigned counsel affirms that he spoke with Plaintiffs' counsel on the telephone on June 8, 2023, to discuss the relief requested in this motion and to seek concurrence. Plaintiffs' denied concurrence to the arguments in this motion at this time.

Respectfully submitted,

/s/ *Neil A. Giovanatti*
Assistant Attorney General
Attorney for LARA
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov

Dated: June 9, 2023                          P82305

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O'NEIL DEPRIEST SWANSON, II
and DIANNE SWANSON,

      Plaintiff,

v.

ROBERT MICHAEL HAYES,
DANA NESSEL, and MICHIGAN
DEPARTMENT OF LICENSING
AND REGULATORY AFFAIRS
(LARA),

      Defendants.

Case No. 2:23-cv-10584

MAGISTRATE JUDGE
ANTHONY P. PATTI

_____

Gregory J. Rohl (P39185)
Attorney for Plaintiffs
Law Offices of Gregory J. Rohl,
P.C.
4051 Haggerty Road
West Bloomfield, MI 48323
(248) 380-9404
greg@rohllaw.com

Mark E. Donnelly (P39281)
Kyla Barranco (P8082)
Attorneys for Defendants
Nessel & Hayes
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
DonnellyM@michigan.gov
BarrancoK@michigan.gov

Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant LARA
MI Dep't of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
HendleyT1@michigan.gov

**BRIEF SUPPORTING DEFENDANT'S MOTION TO DISMISS**

Neil A. Giovanatti
Assistant Attorney General
Attorney for LARA
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
P82305

Dated:  June 9, 2023

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents ........................................................................i

Concise Statement of Issues Presented ......................................ii

Controlling or Most Appropriate Authority..............................ii

Introduction...............................................................................1

Statement of Facts .....................................................................1

Standard of Review ....................................................................2

Argument....................................................................................3

I.    Plaintiffs' claims are barred by Eleventh Amendment
      immunity. ........................................................................3

Conclusion and Relief Requested..............................................5

Certificate of Service .................................................................6

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.    Whether sovereign immunity under the Eleventh Amendment bars all claims against Defendant Michigan Department of Licensing and Regulatory Affairs (LARA)?

Defendant LARA's Answer:  Yes.

Plaintiffs' Answer:  No.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

U.S. Const. Amend. 11

*Quern v. Jordan*, 440 U.S. 332 (1979)

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, (1984)

## INTRODUCTION

Plaintiffs O'Neil and Dianne Swanson bring this action stemming from charges O'Neil Swanson faced related to the failure to dispose of a body. Among the defendants named, Plaintiffs seeks damages against the Michigan Department of Licensing and Regulatory Affairs (LARA), a state agency. The Eleventh Amendment bars all claims against LARA. Therefore, all claims against LARA must be dismissed.

## STATEMENT OF FACTS

Plaintiff O'Neil Swanson is a formerly licensed funeral director. As described in the Complaint, on September 28, 2021, Swanson was charged with failing to timely dispose of a body under MCL 750.160(c). (Complaint, PageID.2, 6 (¶¶ 6, 25).) The charges stemmed from the failure to dispose of Diane Harris's body within the statutorily proscribed 180-day timeframe. (*Id.* at PageID.2–3 (¶¶ 6, 9).) Defendant Robert Hayes from the Department of Attorney General was the lead attorney for the prosecution. (*Id.* at PageID.1 (¶ 2).) The criminal charges were dismissed by the District Court on November 15, 2021. (*Id.* at PageID.3, 6 (¶¶ 8, 28).)

In the Complaint, Plaintiffs assert three claims: (1) malicious prosecution, false arrest, and conspiracy under 42 U.S.C. 1983 (*id.* at PageID.8–10 (¶¶ 29–42)) (2) violation of the Elliott Larsen Civil Rights Act (ELCRA) (*id.* at PageID.11–12 (¶¶ 43–49)) and (3) loss of consortium (*id.* at PageID.12 (¶¶ 50–52)). It is unclear from the Complaint which claim Plaintiffs assert against LARA because the agency is not specifically referenced in any of the three claims. Regardless, Plaintiff's claims against LARA are barred under Eleventh Amendment immunity; therefore, dismissal is appropriate.

## STANDARD OF REVIEW

Defendant LARA moves for dismissal under Federal Rules of Civil Procedure 12(b)(1). When the defendant challenges subject matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

Under Rule 12(b)(1), this Court lacks subject matter jurisdiction because of Eleventh Amendment immunity.  Eleventh Amendment immunity is a jurisdictional bar to claims asserted in federal court. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Once Eleventh Amendment immunity has been presented, the court must decide the matter before reviewing the merits of the case.  *Id.*; *see also T.M. v. DeWine*, 49 F.4th 1082, 1087 (6th Cir. 2022).

## ARGUMENT

### I.   Plaintiffs' claims are barred by Eleventh Amendment immunity.

The state, its agencies, and state officials acting in their official capacity enjoy sovereign immunity under the Eleventh Amendment unless an exception applies.  U.S. Const. Amend. 11; *see also T.M.*, 49 F.4th at 1087 ("By and large, the Eleventh Amendment protects States from private civil suits, both from their own citizens and citizens of other States.").  The Supreme Court has recognized only three narrow exceptions to this broad immunity:

(1) Congressional abrogation, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989);

(2) Express consent or waiver by the State, *id.*; and

(3) Official capacity suits for prospective injunctive relief, *Ex Parte Young*, 209 U.S. 123 (1908).

None of these exceptions are applicable here. LARA did not consent to suit and there is no official capacity defendant named and no prospective injunctive relief sought. Moreover, § 1983 does not abrogate the state's Eleventh Amendment immunity from suit. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020) ("42 U.S.C. § 1983 does not abrogate the States' sovereign immunity.").

For Plaintiffs' claims based on state law (Counts II and III), these claims are similarly barred by the Eleventh Amendment.[1] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984); *see also Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) ("[T]he States' constitutional [Eleventh Amendment] immunity from suit prohibits all

---

[1] Notably, Count III would also be barred by Michigan Complied Law § 691.1407(1), which provides state agencies broad immunity from tort liability. And Counts II and III would be barred by Plaintiffs' failure to comply with the requirements under Michigan Complied Law § 600.6431. *See Christie v. Wayne State Univ.,* No. 162706, 2023 Mich. LEXIS 721 (Mich. May 2, 2023).

4

state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature.").

Therefore, sovereign immunity under the Eleventh Amendment bars all of Plaintiffs' claims against LARA.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, Defendant LARA respectfully requests this Court grant the motion to dismiss Plaintiffs' claims against LARA with prejudice and grant Defendant LARA such and further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ *Neil A. Giovanatti*
Assistant Attorney General
Attorney for LARA
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48929
(517) 335-7603
GiovanattiN@michigan.gov
P82305

Dated: June 9, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

> /s/ *Neil A. Giovanatti*
> Assistant Attorney General
> Attorney for LARA
> Health, Education & Family
> Services Division
> P.O. Box 30758
> Lansing, MI 48909
> (517) 335-7603
> GiovanattiN@michigan.gov
> P82305